## THE ELVINE.

(*District Court, S. D. New York.* February 11, 1884.)

SHIPPING—SEAMEN—SHIPPING ARTICLES—EVIDENCE.

Though shipping articles may be attacked by the seamen, and shown by parol to be incorrect, fraudulent, or void; yet, in case of dispute as to the amount of wages agreed on, the shipping articles will control, the seaman being competent to bind himself thereby, unless the articles are shown to be invalid by a reasonable and satisfactory preponderance of evidence.

In Admiralty.

*Beebe & Wilcox,* for libelant.

*Jas. K. Hill* and *Wing & Shoudy,* for claimants.

BROWN, J. I have no doubt that the shipping articles of July 31, 1883, were signed by the libelant; the handwriting is admitted by the libelant to be like his, and a comparison with other signatures of his leaves, I think, no question on that point. These articles fix the rate of wages at $40 per month. Shipping articles are required to be signed under section 4520; and though their correctness may be attacked, and though they may be shown by parol to be incorrect, fraudulent, or void, (*The Cypress,* Blatchf. & H. 83; *Page* v. *Sheffield,* 2 Curt. 377, 381,) unless this be satisfactorily established, the seaman will be held bound by the terms prescribed in them. *The Atlantic,* Abb. Adm. 451; *Slocum* v. *Swift,* 2 Low. 212; *Willard* v. *Dorr,* 3 Mason, 161, 169. The intention of the master to pay but $40 per month is clear, not only from his own testimony, but from that of other witnesses. The testimony of the libelant and of other witnesses who corroborate him, that he declined to ship for less than $45 per month, produces no little embarrassment in the testimony; and in such a case the original articles, as they stand, must control. There is no such clear and satisfactory proof of either fraud or mistake as would justify the court in disregarding them.

The evidence as to the articles signed at Fernandina is equally conflicting. It is unfortunate that the original document is not produced by one of the parties. The certified copy could not furnish any information by inspection as to whether the original articles had been altered from $45 to $40 per month. The certified copy of the articles is made competent evidence by section 4575, and the burden therefore seems to be upon the libelant to prove that it is incorrect. The original articles, however, signed in New York, and bearing no marks of alteration, give the libelant's wages as $40 only; and these articles were designed to cover the whole period of the libelant's services. On the whole, I think this original must be held to be controlling, and that the libelant should be entitled to a decree at the rate of $40 per month only.